**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **NELSON L. BRUCE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MIDLAND CREDIT MANAGEMENT, INC.; UNKOWN DOES 1-50, et al.,**<br><br>**Defendants.** | ) | **Case No. 2:26-cv004786-BHH-MGB** |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

**COMES NOW** Defendant Midland Credit Management, Inc. ("MCM" or "Defendant"), by and through undersigned counsel, specifically preserving the right to compel all claims against it to arbitration, and hereby submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Nelson L. Bruce ("Plaintiff"), stating as follows:

## I. NATURE OF ACTION

1. MCM admits that Plaintiff's Complaint purports to be action for damages arising from allegedly unlawful debt-collection calls, but MCM denies that it violated the Telephone Consumer Protection Act ("TCPA") or the Fair Debt Collection Practices Act ("FDCPA") or any other law, and denies that Plaintiff is entitled to statutory damages, actual damages, costs, attorney's fees, or any other relief.

2. MCM denies the allegations in Paragraph 2 and demands strict proof thereof.

3. MCM denies the allegations in Paragraph 3 and demands strict proof thereof.

4. The allegations in Paragraph 4 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 4 and demands strict proof thereof.

5. MCM admits that Plaintiff purports to bring claims under the TCPA and FDCPA, but MCM denies that it violated the TCPA, FDCPA, or any other law, and denies that Plaintiff is entitled to statutory damages, actual damages, costs, attorney's fees, or any other relief.

## II. JURISDICTION AND VENUE

6. The allegations in Paragraph 6 contain legal conclusions that do not require a response.

7. The allegations in Paragraph 7 contain legal conclusions that do not require a response.

8. The allegations in Paragraph 8 contain legal conclusions that do not require a response. To the extent a response is required, MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 8.

9. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 9 regarding where Plaintiff received the calls at issue. MCM denies the remaining allegations in Paragraph 9 and demands strict proof thereof.

10. MCM admits that Plaintiff purports that the claims asserted in his action arise out of or relate to Defendant's contacts with South Carolina. Otherwise, MCM denies the allegations in Paragraph 10 and demands strict proof thereof.

## III. PARTIES

11. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 11 and therefore denies the same and demands strict proof thereof.

12. The allegations contained in Paragraph 12 call for a legal conclusion and, therefore, no response is required. To the extent a response is required, MCM admits that part of its business involves collecting past-due balances in California, South Carolina, and throughout the United States.

## IV. FACTUAL ALLEGATIONS

13. MCM denies the allegations in Paragraph 13 and demands strict proof thereof.

14. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 14 and therefore denies the same and demands strict proof thereof.

15. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 15 and therefore denies the same and demands strict proof thereof.

16. MCM denies the allegations in Paragraph 16 and demands strict proof thereof.

17. MCM denies the allegations in Paragraph 17 and demands strict proof thereof.

18. MCM denies the allegations in Paragraph 18 and demands strict proof thereof.

19. MCM denies the allegations in Paragraph 19 and demands strict proof thereof.

20. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 20 and therefore denies the same and demands strict proof thereof.

21. MCM denies the allegations in Paragraph 21 and demands strict proof thereof.

22. MCM denies the allegations in Paragraph 22 and demands strict proof thereof.

23. The allegations contained in Paragraph 23 contain legal conclusions that require no response. To the extent a response is required, MCM denies the allegations of Paragraph 23 and demands strict proof thereof.

24. MCM admits that Plaintiff purports that his allegations are not based solely on call volume, but on the other bases set forth therein. Otherwise, MCM denies the allegations in Paragraph 24 and demands strict proof thereof.

25. MCM denies the allegations in Paragraph 25 and demands strict proof thereof.

26. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 26 and therefore denies the same and demands strict proof thereof.

27. The allegations in Paragraph 27 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28. The allegations in Paragraph 28 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 28 and demands strict proof thereof.

29. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 29 and therefore denies the same and demands strict proof thereof.

30. The allegations in Paragraph 30 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 30 and demands strict proof thereof.

31. MCM denies the allegations in Paragraph 31 and demands strict proof thereof.

32. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 32 and therefore denies the same and demands strict proof thereof.

33. Exhibit A speaks for itself. Otherwise, denied.

34. Exhibit B speaks for itself. Otherwise, denied.

35. The allegations in Paragraph 35 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 35 and demands strict proof thereof.

36. MCM denies the allegations in Paragraph 36 and demands strict proof thereof.

37. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 37 and therefore denies the same and demands strict proof thereof.

38. The allegations in Paragraph 38 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 38 and demands strict proof thereof.

## V. CLAIMS FOR RELIEF

### COUNT I
### Alleged Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) et seq. (Automatic Telephone Dialing System Calls)

39. MCM incorporates by reference its responses to Paragraphs 1 through 38 as though fully set forth herein.

40. The allegations in Paragraph 40 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 40 and demands strict proof thereof.

41. MCM denies the allegations in Paragraph 41 and demands strict proof thereof.

42. MCM denies the allegations in Paragraph 42 and demands strict proof thereof.

43. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 43 and therefore denies the same and demands strict proof thereof.

44. The allegations in Paragraph 44 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 44 and demands strict proof thereof.

45. The allegations in Paragraph 45 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 45 and demands strict proof thereof.

46. The allegations in Paragraph 46 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 46 and demands strict proof thereof.

**COUNT II**
**Alleged Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) et seq. (Prerecorded and/or Artificial Voice Calls)**

47. MCM incorporates by reference its responses to Paragraphs 1 through 46 as though fully set forth herein.

48. The allegations in Paragraph 48 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 48 and demands strict proof thereof.

49. MCM denies the allegations in Paragraph 49 and demands strict proof thereof.

50. MCM has insufficient information and knowledge to either admit or deny the allegations of Paragraph 50 and therefore denies the same and demands strict proof thereof.

51. The allegations in Paragraph 51 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 51 and demands strict proof thereof.

52. The allegations in Paragraph 52 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 52 and demands strict proof thereof.

**COUNT III**
**Alleged Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d**

53. MCM incorporates by reference its responses to Paragraphs 1 through 52 as though fully set forth herein.

54. The allegations in Paragraph 54 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 54 and demands strict proof thereof.

55. The allegations in Paragraph 55 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 55 and demands strict proof thereof.

56. The allegations in Paragraph 56 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 56 and demands strict proof thereof.

57. MCM denies the allegations in Paragraph 57 and demands strict proof thereof.

58. The allegations in Paragraph 58 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 58 and demands strict proof thereof.

59. The allegations in Paragraph 59 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 59 and demands strict proof thereof.

**COUNT IV**
**Alleged Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

60. MCM incorporates by reference its responses to Paragraphs 1 through 59 as though fully set forth herein.

61. The allegations in Paragraph 61 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 61 and demands strict proof thereof.

62. The allegations in Paragraph 62 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 62 and demands strict proof thereof.

63. The allegations in Paragraph 63 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 63 and demands strict proof thereof.

64. The allegations in Paragraph 64 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 64 and demands strict proof thereof.

65. The allegations in Paragraph 65 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 65 and demands strict proof thereof.

66. The allegations in Paragraph 66 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 66 and demands strict proof thereof.

**COUNT V**
**Alleged Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f**

67. MCM incorporates by reference its responses to Paragraphs 1 through 66 as though fully set forth herein.

68. The allegations in Paragraph 68 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 68 and demands strict proof thereof.

69. The allegations in Paragraph 69 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 69 and demands strict proof thereof.

70. The allegations in Paragraph 70 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 70 and demands strict proof thereof.

71. The allegations in Paragraph 71 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 71 and demands strict proof thereof.

## VI. DAMAGES

72. The allegations in Paragraph 72 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 72 and demands strict proof thereof.

73. The allegations in Paragraph 73 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 73 and demands strict proof thereof.

74. MCM admits that Plaintiff purports to seek statutory damages under the FDCPA and actual damages, costs, and attorney's fees as allowed by law, but MCM denies that it violated the FDCPA or any other law, and denies that Plaintiff is entitled to statutory damages, actual damages, costs, attorney's fees, or any other relief.

75. MCM admits that Plaintiff purports to seek statutory damages under the TCPA, but MCM denies that it violated the TCPA or any other law, and denies that Plaintiff is entitled to statutory damages, actual damages, costs, attorney's fees, or any other relief.

76. The allegations in Paragraph 76 contain legal conclusions that do not require a response. To the extent that a response is required, MCM denies the allegations contained in Paragraph 76 and demands strict proof thereof.

77. MCM admits that Plaintiff purports to seek a default judgment in the event MCM fails to appear, but MCM denies any and all wrongdoing, included any violations of the TCPA or FDCPA, or any other law, and denies that Plaintiff is entitled to a default judgment or any other relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state any plausible claim for relief which can be granted against MCM and should be dismissed.

### SECOND DEFENSE

MCM is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

## THIRD DEFENSE

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, they are barred as untimely.

## FOURTH DEFENSE

Some or all of the claims asserted by Plaintiff against MCM are barred by any bankruptcy case filed by her, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## FIFTH DEFENSE

Any violation of the law or damages suffered by Plaintiff, which MCM denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of MCM.

## SIXTH DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

## SEVENTH DEFENSE

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against MCM would violate the Fifth and Fourteenth Amendments to the United States Constitution and the applicable State Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), *res judicata*, release, consent, ratification, acquiescence, novation, and/or unclean hands.

**NINTH DEFENSE**

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which MCM had no responsibility or control and for which MCM may not be held liable.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of recoupment and/or set-off for outstanding amounts owed by Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff lacks standing.

**TWELFTH DEFENSE**

MCM denies it acted with any willfulness, oppression, or malice.

**THIRTEENTH DEFENSE**

Plaintiff has not alleged or experienced any actual damages that were caused by MCM or for which MCM is liable.

**FOURTEENTH DEFENSE**

To the extent sought, Plaintiff cannot recover punitive damages.

**FIFTHTEENTH DEFENSE**

Any and all activities of MCM alleged in the Complaint were conducted with consent, express or implied, of Plaintiff, the owner/subscriber or regular user of the subject phone and/or other parties, persons, and entities, and MCM is therefore free from actionable fault.

**SIXTEENTH DEFENSE**

To the extent there were any contacts to the subject phone number, MCM was entitled to rely and at all times reasonably relied upon the consent, express and implied, of its customer, the owner/subscriber or regular user of the subject phone and/or other parties, persons, and entities to such contacts, and MCM is therefore free from actionable fault.

**SEVENTEENTH DEFENSE**

MCM's systems, equipment, and methods for placing telephone calls do not meet the criteria for calls placed via automatic telephone dialing system ("ATDS"). *ACA Int'l v. FCC*, 885 F.3d 687, 691, 702 (D.C. Cir. 2018) ("set[ting] aside . . . the Commission's effort to clarify the types of calling equipment that fall within the TCPA's restrictions," including the "notion that a device can be considered an autodialer even if it has no capacity itself to generate random or sequential numbers (and instead can only dial from an externally supplied set of numbers).")

**EIGHTEENTH DEFENSE**

Even if MCM's systems and equipment for placing calls met the statutory definition of an ATDS, which MCM denies, MCM did not make any calls to Plaintiff *using* an ATDS. *See ACA Int'l v. FCC*, 885 F.3d 687, 703-04 (D.C. Cir. 2018) ("Two TCPA provisions work together to establish the reach of the general prohibition against making autodialer calls without prior consent. The first provision, as we have seen, defines the equipment—viz., 'automatic telephone dialing system'—subject to the statutory prohibition. 47 U.S.C. § 227(a)(1). The second provision then

incorporates that definition in setting out the scope of the prohibition: 'It shall be unlawful for any person . . . to make any call . . . *using any automatic telephone dialing system* . . . to any telephone number assigned to a . . . cellular telephone service[.]'") (emphasis supplied by the D.C. Circuit ruling, citing 47 U.S.C. § 227(b)(1)(A)(iii)).

**NINETEENTH DEFENSE**

MCM's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between MCM and Plaintiff.

**TWENTIETH DEFENSE**

The alleged actions of third parties herein were not authorized or ratified by MCM.

**TWENTY-FIRST DEFENSE**

The award of statutory penalties under the TCPA against MCM would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992). Again, here the violations at issue cause *de minimis* or no actual harm. Imposition of a $500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

**TWENTY-SECOND DEFENSE**

Under the TCPA, if there were violations by MCM, which MCM denies, they were unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and, therefore, were not willful or knowing.

## TWENTY-THIRD DEFENSE

MCM's lawful interest in contacting its customers—either for debt collection, informational purposes, or other account servicing activity—is necessary, and MCM reasonably believes such calls are necessary, to protect MCM's pecuniary interest in chattel and accounts, and its customers' interests. Further, the conduct at issue is *malum prohibitum* and not *malum in se*. Moreover, the harm inflicted to Plaintiff in receiving the misplaced calls is not unreasonable as compared with the harm threatened to MCM's interests and chattel if it is barred from placing such calls. Hence, MCM's conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

## TWENTY-FOURTH DEFENSE

Plaintiff fails to state a claim under the TCPA because MCM denies that any call attempted is actually a call made pursuant to the language of the TCPA, 47 U.S.C. § 227(b)(1)(A).

## TWNTY-FIFTH DEFENSE

Consent to be contacted via an autodialer or prerecorded/artificial voice on numbers associated with an account is expressly agreed to as part of Plaintiff's agreement with MCM. To the extent Plaintiff expressly consented to be contacted via autodialer or prerecorded/artificial voice as part of a contractual bargained-for-exchange, Plaintiff may not unilaterally revoke that consent. *Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 53 (2d Cir. 2017).

## TWENTY-SIXTH DEFENSE

Any violation of the FDCPA, which MCM denies, was not intentional and resulted, if at all, from a bona fide error not withstanding maintenance of procedures reasonably adapted to avoid such errors.

**TWENTY-SEVENTH DEFENSE**

To the extent Plaintiff has entered into an arbitration agreement covering Plaintiff's claims against MCM, Plaintiff's claims must be dismissed to arbitration.

**RESERVATION OF DEFENSES**

MCM reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 19th day of October, 2026,

*/s/ Richard C. Keller*
Richard C. Keller
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rkeller@burr.com
Counsel for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2026, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, and that a true and correct copy of the same will be served via United States First Class Mail, postage prepaid, and addressed as follows:

Nelson L. Bruce
P.O. Box 3346
Summerville, SC 29484
leonbruce81@yahoo.com

*/s/ Richard C. Keller*
OF COUNSEL